REQUESTED BY: Charles D. Brewster, Buffalo County Attorney, Kearney, Nebraska 68847
1. Under Neb.Rev.Stat. § 43-512.01, as amended, 1983, may county attorneys and their deputies continue to fulfill their duty under said section by filing a civil petition or are they restricted to filing criminal actions only?
2. May the county board designate a county attorney or his deputy county attorney as the `authorized attorney' under § 43-512, as amended in 1983, to file civil child support petitions under § 43-512.01?
1. Criminal actions only.
2. No.
1. Prior to the 1983 amendment, the pertinent part of Neb.Rev.Stat. § 43-512.01 (Supp. 1982) provided:
 It shall be the duty of the county attorney, . . . to immediately file complaint against the nonsupporting parent or stepparent of the dependent child under section 28-706 or file a civil petition against the nonsupporting parent or stepparent under the provisions of section 43-512.03 whenever the recovery of child support appears to be practicable.
The above provisions of § 43-512.01 were changed by the 1983 amendment as shown by the underlined portions below:
 It shall be the duty of the county attorney or authorized attorney, as provided in section 43-512, . . . to immediately file complaint against the nonsupporting parent or stepparent of the dependent child under section 28-706, if the attorney is the county attorney or a deputy county attorney, or file a civil petition against the nonsupporting parent or stepparent under the provisions of section 43-512.03, if the attorney is an attorney other than the county attorney or deputy county attorney, whenever the recover of child support appears to be practicable.
(Emphasis added.)
As can readily be seen, before the 1983 amendments the county attorney's office could satisfy its duty by filing either a complaint or a civil petition. However, it is also clear that the 1983 amendments have limited the duty of the county attorney to filing a criminal complaint and have limited the filing of a civil petition as the remedy to be used by an attorney other than the county attorney or his deputy. At the same time, the Legislature, by amendments to 43-512, made provision for the county to employ an attorney, with the approval of the county board, or the Director of Social Services to investigate and prosecute child support cases.
The new section appears to be clear and unambiguous.
It is a well-founded rule of statutory construction that `A statute is open to construction only where language used requires interpretation or may reasonably be considered ambiguous.' Omaha Public Power District v. Nebraska StateTax Commissioner, 210 Neb. 309, 314 N.W.2d 246 (1982).
It is our opinion that § 43-512.01, as amended in 1983, is unambiguous and provides that the county attorney or his deputy may only fulfill his duty under said section, when referral provided for therein has been made, by filing a complaint under § 28-706.
2. As set forth under question 1 above, the 1983 amendments to § 43-512.01 added to the section as it previously existed, the words `if the attorney is the county attorney or a deputy county attorney,' relating to the duty to file a criminal complaint and also the words `if the attorney is an attorney other than the county attorney,' relating to the duty to file a civil complaint. (Emphasis added.)
The statute is also unambiguous in this regard and for the same reasons given above, not subject to interpretation. Obviously, if the county board designated a county attorney or a deputy county attorney as the `authorized attorney,' he would not be `other' than the county attorney or deputy county attorney as required for the purpose of filing a civil petition.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General